*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

TRAYVON WHITAKER,

Defendant-Appellee.

UNPUBLISHED
December 18, 2024
8:58 AM

No. 369098
Wayne Circuit Court
LC No. 23-003962-01-FH

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

MALDONADO, J. (*dissenting*).

I disagree with the majority's conclusion that the prosecution established the element of a lawful order. Accordingly, I dissent.

## I. ADDITIONAL BACKGROUND

This case began with a theft at a liquor store. Officer Lisa Latouf of the Detroit Police Department (DPD) was the sole witness to testify at defendant's preliminary examination. Officer Latouf testified that she responded to "a priority one Green Light disturbance" at a liquor store and went there to investigate a possible "larceny." In response to a hearsay objection, the prosecution made clear that this testimony was "not being offered for the truth in the matter asserted." Officer Latouf described the results of this investigation:

> *Q.* Did you happen to learn anything else?
>
> *A.* Yes. I learned the suspect is who committed the larceny.
>
> *Q.* Did you, also, learn anything else about the suspect?
>
> *A.* What he had taken, yes.
>
> *Q.* And what else did you learn?
>
> *A.* What he was wearing and where he lived.

During cross-examination, Officer Latouf agreed that "two bottles of oil" were stolen. No additional evidence was offered regarding the underlying retail fraud. I agree with the majority's recitation of the circumstances of defendant's arrest as well as the procedural history.

## II. LAWFUL ORDER

I agree with the majority's recitation of the standards of review and governing law. However, I conclude that the prosecution failed to establish that defendant resisted a lawful order because it did not present any evidence suggesting that defendant was guilty of the underlying theft. Without evidence regarding the underlying theft, there is no basis upon which to establish the requisite reasonable suspicion needed to issue a lawful order. The only evidence regarding the charge of third-degree retail fraud was Officer Latouf's testimony that she went to the liquor store to investigate a "larceny" where she "learned" that defendant was "the suspect." Further, to avoid a hearsay objection, the prosecution made clear that this testimony was not being offered as substantive evidence of guilt, only as context for the investigation. The record from the preliminary examination has left us with no information regarding the circumstance of the alleged theft or what Officer Latouf was told to make her suspect defendant because whomever she interacted with at the liquor store did not testify. We only know that "two bottles of oil" were stolen because of questions asked by defense counsel during cross-examination. We cannot simply assume that Officer Latouf was given information that reliably pointed the finger toward defendant; the prosecution had a burden to establish this element, but it failed to do so. Accordingly, the bindover was properly quashed.

I would affirm.

/s/ Allie Greenleaf Maldonado